# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SHELTON, | 1: 11-cv-00820-BAM |
| Plaintiff, | **ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.  INTRODUCTION

Pending before the Court is plaintiff Sherry Shelton's ("Plaintiff") motion for summary judgment and the cross-motion for summary judgment of defendant Commissioner of Social Security ("Commissioner").  Plaintiff seeks judicial review of an administrative decision denying her claim for Supplemental Security Income disability benefits pursuant to 42 U.S.C. § 405(g).

Plaintiff filed her complaint on May 19, 2011.  (Doc. 1.)  Plaintiff filed her summary judgment motion on December 23, 2011. ( Doc. 16.)   The Commissioner filed his summary judgment cross-motion and opposition on January 20, 2012.  (Doc. 17.)  Both parties have consented to conduct all proceedings before the assigned United States Magistrate Judge.  (Doc. 10, 11.)  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to United States Magistrate Judge Barbara A. McAuliffe.  Having considered the administrative record and the parties' briefs, the Court issues the following order.

## II.  BACKGROUND

### A.  Overview of Administrative Proceedings

On November 29, 2007, Plaintiff applied for Disability Insurance Benefits pursuant to Titles II and XVI of the Social Security Act (the "Act") (Administrative Record, "AR," at13.) Plaintiff's application was denied on initial review and again on reconsideration. (AR at 67-116.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). On March 11, 2010, Plaintiff appeared with counsel and testified before the ALJ. (AR at 28-66.) In a decision dated May 14, 2010, the ALJ found that Plaintiff was not disabled under the Act. (AR at 13-21.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR at 1-3.) Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

### B.  Plaintiff's Background

Plaintiff was born on February 25, 1961. (AR at 32.) Plaintiff lives in a home with her seventeen-year old son. (AR at 33.) Plaintiff receives food stamps. (AR at 33.) Plaintiff has a driver's license and does minimal driving. (AR at 34.) Plaintiff graduated from high school, but received no collegiate or vocational training. (AR at 34.) Plaintiff's last gainful employment activity was as a provider of in-home care. (AR at 38.)

### C.  Medical History

The entire medical record was reviewed by the Court. (AR at 229-613.) The Court summarizes the medical evidence to the extent it is necessary to this appeal.

On February 8, 2008, consultative examiner Rustom F. Damania, M.D., examined Plaintiff for complaints related to her back and knee pain, and other ailments. (AR at 301-305.) Dr. Damania opined that Plaintiff should be able to lift and carry 20 pounds occasionally and 10 pounds frequently. (AR at 305.) He further opined that Plaintiff should be able to stand, walk and sit for six hours out of a normal workday. (AR at 305.) Dr. Damania also mentioned in his report that Plaintiff "feels she must have a cane at all times as she is afraid of falling and due to pain." (AR at 305.)

On February 27, 2008, state agency reviewing physician Charles A. Fracchia, M.D., completed a physical residual functional capacity assessment form where he opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently. (AR at 311.)  Dr. Fracchia further opined that Plaintiff could sit, stand or walk about 6 hours in an 8-hour workday and had no pushing or pulling limitations. (AR at 311.)  Dr. Fracchia also opined that a medically required hand-held assistive device was necessary for ambulation and standing.  (AR at 311.)

On July 10, 2008, after reviewing the medical evidence to date, state agency physician K. Quint, M.D., opined that Plaintiff was capable of lifting 20 pounds occasionally and 10 pounds frequently.  (AR at 447.)  Dr. Quint further opined that Plaintiff could stand, walk or sit for about 6 hours in an 8-hour workday and had no pushing or pulling limitations.  (AR at 447.)  Dr. Quint also opined that Plaintiff may need to use an assistive device for prolonged ambulation or walking on an uneven terrain.  (AR at 447.)

**D.      Testimony Presented At the Administrative Hearing**

On April 8, 2009, Plaintiff testified before the ALJ.  (AR at 27-66.)  Plaintiff stated she requires the use of a cane to walk.  (AR at 50.)  Plaintiff testified that, for the most part, she did not need assistance taking care of her personal needs such as showering and dressing. (AR at 34-35.)  She reported that her right knee was worse than her left one, but both knees caused her pain. (AR at 40-41.)  Plaintiff testified that initially she received injections for her pain, and now she received Vicodin. (AR at 43-44.)  Plaintiff testified that she had back pain as well and takes muscle relaxers for this pain, but the medication does not help. (AR at 44-45.)  Plaintiff further testified that she could lift no more than 10 pounds, sit or stand for about an hour at a time, and could walk only two blocks before needing to rest. (AR at 49-50.)

A Vocational Expert testified at the hearing.  (AR 60-64.)  The VE provided testimony about the job capabilities of a person who could lift and carry 20 pounds occasionally, 10 pounds frequently; sit, stand or walk six hours out of an eight hour day, with a stand sit option; limited to occasional kneeling, squatting, crawling and climbing; and the individual requires a cane for prolonged ambulation.  The VE sought to clarify whether the individual needed the cane for standing as well as walking.  (AR at 63.) The ALJ responded that it is only for prolonged

walking. *Id.* The Vocational Expert responded that such an individual could work jobs available in the national economy such as a cashier, counter clerk, and bottom line attendant. (AR at 62-63.)

**E.      ALJ Findings**

The ALJ determined that Plaintiff was not disabled within the meaning of the Act. Specifically, the ALJ found that:

1. Plaintiff has the following severe impairments: right knee degenerative joint disease status pose arthroscopic surgery for a torn meniscus and chondromalacia; left knee degenerative joint disease with a torn meniscus, lumbar degenerative disc disease; and obesity;

2. Plaintiff does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

3. Plaintiff has the following residual functional capacity: Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, sit, stand and walk for 6 hours in an 8-hour work day with a stand sit option, occasionally kneel, squat, climb and crawl, and she requires a cane for prolonged ambulation;

4. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including Cashier, Counter Clerk and Bottom Line Attendant;

5. Plaintiff has not been under a disability, as defined in the Act, from March 15, 2007, the alleged onset date, through the date of the ALJ's decision.

(AR at 13-21.)

/././

/././

### III.  DISCUSSION

**A.  Standard of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Plaintiff argues the ALJ failed to properly consider the opinions of State Agency Physician, Charles A. Fracchia, M.D. Specifically, Plaintiff argues that while Dr. Fracchia's opinions largely matched the ALJ's residual functional capacity finding, however, Dr. Fracchia opined that Plaintiff required a cane to *stand and walk*, rather than prolonged ambulation only. Plaintiff argues the

Vocational Expert's testimony indicates this was a significant distinction and, had the ALJ properly included in his residual functional capacity finding that Plaintiff required a cane to stand and walk, in addition to prolonged ambulation, the ALJ would have found Plaintiff disabled.

**D.     The ALJ's Medical Opinion Testimony Evaluation**

   **1.     Legal Standard**

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001); 20 C.F.R. § 404.1527(d)(1)-(2). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).  The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506.  If contradicted by another doctor, the opinion of an examining doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "This burden can be met by providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof." *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir. 1989).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989).  If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*,

427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart,* 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

### 2.  The ALJ Properly Evaluated Medical Opinion Testimony

Plaintiff argues the ALJ failed to explain the weight attached to Dr. Fracchia's opinion. Plaintiff acknowledges that the ALJ's reliance on other medical source opinions "arguably constitute[s] substantial evidence; however, the question is one of legal error for failing to comply with SSR 96-6p," which required the ALJ to explain his decision to attach less weight to Dr. Fracchia's opinion.

The ALJ properly disregarded the limitations recommended by Dr. Fracchia. The ALJ primarily relied on four medical opinions in his residual functional capacity finding: examining physician Dr. Damania; and three state agency reviewing physicians, Dr.'s Fracchia, Ikawa and Quint. (AR at 18.) All four physicians offered virtually the same residual functional capacity assessment. In relevant part, all physicians opined Plaintiff could perform light work, and required a cane for ambulation. (AR at 18, 305, 311, 328, 447.) Only Dr. Fraccia opined Plaintiff required the cane for standing. (AR at 311.) Dr. Fracchia nonetheless opined Plaintiff could perform light work. *See McArthur v. Astrue*, No. 1:07-cv-0805 DLB, 2008 WL 802327 (E.D. Cal. March 24, 2008) (""[a]lthough Plaintiff cites to his moderate limitations, he fails to recognize that [the state agency reviewing doctors] found that he retained the RFC to perform simple, repetitive tasks despite his limitations.")

The ALJ provided the greatest weight to Dr. Damania's opinions because his findings were the most consistent with the overall medical evidence of record (including the findings of three state agency consultant), and because he personally examined Plaintiff. (AR at 18.) The opinions of all three state agency doctors were given "substantial weight" because there were "consistent." Thus, to the extent Dr. Fracchia's opinions were not "consistent" with those of Drs. Damania, Ikawa and Quint, they were properly disregarded. *See, Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Moreover, even if the ALJ erred by failing to specifically explain why he rejected this additional limitation, such error was harmless, because, as Plaintiff has acknowledged, conflicting physician testimony would constitute substantial evidence to reject this additional

limitation. *See, Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); *Summers v. Astrue,* 2011 WL 1211860 (C.D. Cal. 2011) ("An ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination").

### IV.    CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, it is hereby ORDERED that:

1. Plaintiff Sherry Shelton's motion for summary judgment be DENIED;
2. The Commissioner's cross-motion for summary judgment is GRANTED;
3. The Clerk of Court enter judgment in favor of the Commissioner of Social Security, and against Plaintiff Sherry Shelton.

IT IS SO ORDERED.

Dated:   **September 24, 2012**              **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE